UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 12-19-18

KEVIN DAVIS,

                    Plaintiff,

        - against -

AVVO, INC.,

                    Defendant.

18-cv-2835 (JGK)


OPINION AND ORDER

---

**JOHN G. KOELTL, District Judge:**

The plaintiff, Kevin Davis, brings this action on behalf of himself and a class of similarly situated individuals against the defendant, Avvo, Inc. The plaintiff alleges that the defendant, through its website, has engaged in and contributed to false advertising in violation of Lanham Act § 43(a), 15 U.S.C. § 1125(a), and New York General Business Law ("NYGBL") § 349. The defendant has moved to dismiss the plaintiff's complaint under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted. For the reasons explained below, the defendant's motion to dismiss is **granted.**

                              **I.**

In deciding a motion to dismiss pursuant to Rule 12(b)(6), the allegations in the complaint are accepted as true, and all reasonable inferences must be drawn in the plaintiff's favor. McCarthy v. Dun & Bradstreet Corp., 482 F.3d 184, 191 (2d Cir.

2007). The Court's function on a motion to dismiss is "not to weigh the evidence that might be presented at a trial but merely to determine whether the complaint itself is legally sufficient." Goldman v. Belden, 754 F.2d 1059, 1067 (2d Cir. 1985). The Court should not dismiss the complaint if the plaintiff has stated "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).

While the Court should construe the factual allegations in the light most favorable to the plaintiff, "the tenet that a court must accept as true all of the allegations contained in the complaint is inapplicable to legal conclusions." Id. When presented with a motion to dismiss pursuant to Rule 12(b)(6), the Court may consider documents that are referenced in the complaint, documents that the plaintiff relied on in bringing suit and that are either in the plaintiff's possession or that the plaintiff knew of when bringing suit, or matters of which judicial notice may be taken. See Chambers v. Time Warner, Inc., 282 F.3d 147, 153 (2d Cir. 2002).

2

## II.

The defendant is an online platform that maintains individual profiles of attorneys. Compl. ¶ 4. Consumers can use the defendant's website to access information about, find, and vet attorneys. Id. ¶¶ 4-5. The individual attorney profiles often contain client and peer reviews, as well as a numerical "Avvo rating," which is derived by criteria defined by the defendant. Id. ¶ 6; Def.'s Mem. Ex. A. The defendant's website includes profiles for attorneys who pay the defendant for advertising and related services and attorneys who do not. Compl. ¶ 41.

The plaintiff is a licensed attorney who practices law in New York and does not pay the defendant for its services. Id. ¶ 16. He alleges that through various aspects of its website, the defendant engages in, and induces attorneys to engage in, false advertising. According to the plaintiff, attorneys who pay the defendant (1) receive higher Avvo ratings than similarly qualified nonpaying attorneys, although the defendant represents its ratings as objectively calculated, id. ¶¶ 34, 36; (2) receive a badge reading "Pro" laid on top of the headshot in their profile, id. ¶¶ 59-60; (3) are touted in the defendant's advertising as "highly qualified," "the right," or the "best" attorneys, id. ¶¶ 39, 57, Opp'n at 2; and (4) have positive

client reviews spotlighted and negative client reviews removed
or blocked, Compl. ¶¶ 66-68.

The plaintiff contends that these paid-for advantages make
paying attorneys falsely appear more qualified than nonpaying
attorneys, thus diverting business away from, and causing
reputational harm to, him and other attorneys who do not pay for
the defendant's services. Id. ¶¶ 69-73. The plaintiff adds that
the alleged misleading portrayal of paying attorneys is
particularly impactful on nonpaying attorneys because the
defendant's website has a prominent internet presence. Id. ¶ 70.
But the plaintiff does not offer any particular facts linking
the defendant's allegedly misleading conduct to any lost
business or reputational harm for the plaintiff.

The defendant has moved to dismiss the complaint under
Federal Rule of Civil Procedure 12(b)(6). The defendant contends
that its Avvo ratings are opinions protected by the First
Amendment to the Federal Constitution and Article 1, Section 8
of the New York State Constitution. The defendant also argues
that the plaintiff's Lanham Act and NYGBL § 349 claims fail
because, among other reasons, labeling attorneys as "pros" and
using phrases like "highly qualified" is nonactionable puffery,
and the plaintiff has failed to allege that he plausibly
suffered any injury.

## III.

To establish false advertising under Lanham Act § 43(a), a plaintiff must (1) demonstrate that the challenged statement is either literally false or, though literally true, likely to confuse or deceive consumers; (2) show that the defendant misrepresented an inherent quality or characteristic of a good or service; (3) show that the defendant placed the false or misleading statement in interstate commerce; and (4) prove that the plaintiff was injured as a result of the defendant's misrepresentation, either by a diversion of business or a loss of goodwill associated with the plaintiff's goods or services. Merck Eprova AG v. Gnosis S.p.A., 760 F.3d 247, 255 (2d Cir. 2014). "Under both the Lanham Act and the Constitutional free speech clause, statements of opinion about commercial matters cannot constitute false advertising . . . ." J. Thomas McCarthy, McCarthy on Trademarks and Unfair Competition § 27:67 (5th ed. 2017); Wellnx Life Scis. Inc. v. Iovate Health Scis. Research Inc., 516 F. Supp. 2d 270, 285 (S.D.N.Y. 2007).

To state a claim under NYGBL § 349, "a plaintiff must allege that a defendant has engaged in (1) consumer-oriented conduct that is (2) materially misleading and that (3) plaintiff suffered injury as a result of the allegedly deceptive act or practice." Orlander v. Staples, Inc., 802 F.3d 289, 300 (2d Cir. 2015) (quoting Koch v. Acker, Merrall & Condit Co., 967 N.E.2d

675, 675 (N.Y. 2012) (mem.)). The standards for bringing a NYGBL § 349 claim "are substantially the same as those applied to claims brought under" § 43(a) of the Lanham Act. Avon Prods., Inc. v. S.C. Johnson & Son, Inc., 984 F. Supp. 768, 800 (S.D.N.Y. 1997). Further, an opinion that is not actionable under the Lanham Act is also not actionable under NYGBL § 349. ONY, Inc. v. Cornerstone Therapeutics, Inc., 720 F.3d 490, 498 (2d Cir. 2013).

### A.

The plaintiff contends that the defendant's Avvo ratings are misleadingly presented as objective but are actually inflated based on whether an attorney pays the defendant. The ratings, however, are statements of opinion protected by the First Amendment to the Federal Constitution and Article 1, Section 8 of the New York State Constitution.

"Generally, statements of pure opinion – that is, statements incapable of being proven false – are protected under the First Amendment." ONY, Inc., 720 F.3d at 496 (citing Milkovich v. Lorain Journal Co., 497 U.S. 1, 19-20 (1990)). And statements of opinion receive especially broad protection under the New York State Constitution. See Flamm v. Am. Ass'n of Univ. Women, 201 F.3d 144, 147-48 (2d Cir. 2000) (discussing the greater scope of protection afforded to opinions by the New York State Constitution than the Federal Constitution). But, as

opposed to statements of opinion generally, opinions stated in commercial speech are protected only if not misleading. Metromedia, Inc. v. City of San Diego, 453 U.S. 490, 507 (1981). Commercial speech is "speech which does no more than propose a commercial transaction." Bolger v. Youngs Drug Prod. Corp., 463 U.S. 60, 66 (1983) (quotation marks omitted).

The allegedly misleading features of the defendant's website, including its Avvo ratings, do not constitute commercial speech. The website is an informational directory of attorneys, which consumers can consult whether or not they intend to hire an attorney. And the complained-of website features simply provide information; they might be considered in making, but do not themselves propose, a commercial transaction. Moreover, that sponsored advertisements appear on the defendant's website does not morph the website's noncommercial features into commercial speech. See Vrdolyak v. Avvo, Inc., 206 F. Supp. 3d 1384, 1387-89 (N.D. Ill. 2016) (holding that sponsored listings do not "turn the entire attorney directory into commercial speech").

The Avvo ratings are not commercial speech. Accordingly, if they are opinions, it is irrelevant whether or not they are misleading because they are protected in any event. See Gordon & Breach Sci. Publishers S.A. v. Am. Inst. of Physics, 859 F. Supp. 1521, 1542-43 (S.D.N.Y. 1994), holding modified on other

grounds by <u>Fashion Boutique of Short Hills, Inc. v. Fendi USA,</u> <u>Inc.</u>, 314 F.3d 48 (2d Cir. 2002).

A statement of opinion is one that is incapable of being proven false. <u>ONY, Inc.</u>, 720 F.3d at 496. The defendant's rating system is inherently subjective. The defendant chooses the inputs for its system and decides how to weigh them. The outcome of this process is a number that the defendant presents as an evaluation of an attorney's quality. A reasonable consumer would view an Avvo rating as just that – the defendant's evaluation. What factors the defendant believes to be important in assessing attorneys, and the result of the defendant's weighing of those factors, cannot be proven false. The Avvo ratings are therefore protected under the First Amendment and the New York State Constitution as statements of opinion. <u>See</u> <u>Browne v. Avvo Inc.</u>, 525 F. Supp. 2d 1249, 1253 (W.D. Wash. 2007) (holding that Avvo ratings are opinions protected by the First Amendment); <u>cf.</u> <u>Compuware Corp. v. Moody's Inv'rs Servs., Inc.</u>, 499 F.3d 520, 529 (6th Cir. 2007) ("A Moody's credit rating is a predictive opinion, dependent on a subjective and discretionary weighing of complex factors."); <u>Themed Restaurants, Inc. v. Zagat Survey,</u> <u>LLC</u>, 801 N.Y.S.2d 38, 40 (App. Div. 2005) ("[R]estaurant ratings and reviews almost invariably constitute expressions of opinion.").

**B.**

The plaintiff also takes issue with the "Pro" badge
appearing on the profile pictures of attorneys who pay the
defendant. Unlike the Avvo ratings, the "Pro" badge is intended
to convey a statement of fact. It communicates that an attorney
has verified the attorney's information as it appears on Avvo.
See Compl. ¶ 60. The defendant's website explains this meaning.
When a user searches for an attorney on the website, a "Pro"
icon appears on the results page with an "i" icon next to it.
See id. If the user hovers the mouse cursor over the "i" icon, a
statement appears, reading, "Attorneys that are labeled PRO have
verified their information as it appears on Avvo." Id. Moreover,
following a series of hyperlinks on the defendant's website
leads to a page explaining the "Avvo Pro" subscription plan. Id.
¶¶ 62-64. The defendant's statement of "Pro" is therefore not
false.

The plaintiff contends that the "Pro" badge is nonetheless
misleading because it insinuates that the attorney is of a
higher quality than a non-"Pro" attorney, and because the
website's explanations of the badge's actual meaning are not
sufficiently conspicuous to dispel this misconception. The
defendant counters by arguing that the term "Pro", if viewed as
a descriptor for an attorney's quality, is mere puffery.

Puffery, which is nonactionable under the Lanham Act or NYGBL § 349, is a subjective statement or claim that cannot be proven true or false. Lipton v. Nature Co., 71 F.3d 464, 474 (2d Cir. 1995); Kacocha v. Nestle Purina Petcare Co., No. 15cv5489, 2016 WL 4367991, at *16 (S.D.N.Y. Aug. 12, 2016); see, e.g., Stokely-Van Camp, Inc. v. Coca-Cola Co., 646 F. Supp. 2d 510, 526 (S.D.N.Y. 2009) (holding that the word "complete," used to describe a sports drink, was "puffery which cannot be proven false"). Puffery might take the form of an overstatement expressed in broad and commendatory language, as opposed to a misleading description or false representation about an inherent characteristic of a good or service. Fink v. Time Warner Cable, 810 F. Supp. 2d 633, 644 (S.D.N.Y. 2011). Courts can determine that a statement is puffery as a matter of law when the statement does not provide a concrete representation. Id.; e.g., Kommer v. Ford Motor Co., No. 17cv296, 2017 WL 3251598, at *3 (N.D.N.Y. July 28, 2017) (dismissing as nonactionable puffery claims brought under NYGBL §§ 349 and 350 regarding the slogan "Built Ford-Tough"); see also Newcal Indus., Inc. v. Ikon Office Sol., 513 F.3d 1038, 1053 (9th Cir. 2008) (stating that in assessing a Lanham Act claim, the determination of whether a statement is one of fact or mere puffery is a legal question that can be resolved on a motion to dismiss).

Taken literally, the term "Pro" indicates a professional. To the extent the plaintiff alleges that "Pro" badges convey that an attorney is a professional, see Compl. ¶ 59, the plaintiff has failed to plead sufficiently that the badges constitute false representations. The plaintiff does not allege that "Pro" badges are found in the profiles of individuals not in the profession – that is, individuals who are not attorneys.

To the extent the plaintiff alleges that the term "Pro" is received more colloquially by consumers, conveying that an attorney is especially experienced or skilled, id., the term is mere puffery. Taken in this context, "Pro" constitutes a broad commendation relaying a view of an attorney's level of experience or skill that can only be subjective. The plaintiff cannot prove that the attorneys marked "Pro" are decidedly undeserving of the status, because in context the term has no definite meaning or defining factors. This is especially so given that the "Pro" badges appear on the defendant's website, where one would presume that the attorneys are pros in the opinion of the defendant, determined by the defendant's criteria.

Moreover, the plaintiff's allegation that the defendant misleadingly touts attorneys who pay for its services as "highly qualified," "the right," or the "best" attorneys fails for the same reasons. Stating that attorneys embody these qualities,

11

especially in the context of the defendant's advertisements, can be seen only as subjective, commendatory statements of the defendant; in other words, mere puffery.[1]

In short, the defendant's use of the "Pro" badges and its advertising of attorneys as "highly qualified," "the right," or the "best" are nonactionable puffery.[2]

### c.

Finally, the plaintiff alleges that the defendant misleads consumers by spotlighting positive client reviews while removing or refusing to post negative client reviews in the profiles of attorneys who pay for the defendant's services.[3] This alleged practice, however, is not false advertising.

---

[1] The plaintiff also takes issue with these descriptive qualities as they relate to the Avvo ratings. The plaintiff contends that the defendant touts attorneys as having these qualities as exemplified by the attorneys' Avvo ratings. See Opp'n at 2. Thus, according to the plaintiff, consumers are misled when linking a description such as "high quality" with an allegedly misleading rating system that purports to be objective. But the Avvo ratings – even as they relate to other representations made by the defendant – are constitutionally protected opinions.

[2] The plaintiff also alleges that attorneys who pay the defendant for its services receive "enhanced visibility" on the defendant's website, dominating the first page of results when a consumer runs a search on the website. Compl. ¶ 42; see Goldenberg Decl. ¶¶ 7-9 & Ex. B. The plaintiff contends that this prominence, "[w]hen coupled with [the defendant's] claim of objectivity, . . . is a misleading statement or description of fact in violation of the Lanham Act." Opp'n at 7. But the plaintiff does not expand upon this vague statement. It can be inferred that the plaintiff means that the prominence of paying attorneys is misleading when considered with the defendant's allegedly misleading Avvo ratings, "Pro" badges, and representations of attorneys in its advertising. But, as explained above, these features of the defendant's website are nonactionable; and enhancing the visibility of paying attorneys is not misleading in and of itself.

[3] The defendant points out that client reviews do not factor into an attorney's Avvo rating. Def.'s Mem. Ex. M. Thus, whether the defendant removes or refuses to post a negative client review of an attorney is irrelevant to the attorney's Avvo rating. Moreover, counsel for the plaintiff conceded at the argument of the current motion that the plaintiff has no

First, the defendant's website states that the defendant expressly reserves the right to withhold reviews that do not meet the website's Community Guidelines, and that attorneys may request that negative reviews be put through the defendant's dispute process. Id. Exs. N & O. Consumers are therefore on notice that every client review might not be posted in an attorney's profile. Indeed, the plaintiff does not allege that the defendant represents that its website includes all client reviews of an attorney.

Furthermore, a collection of client reviews reflects subjective judgments. A reasonable reader would understand that each review is merely an opinion. Themed Restaurants, Inc. v. Zagat Survey, LLC, 781 N.Y.S.2d 441, 448 (Sup. Ct. 2004) (holding that restaurant ratings and reviews "reflect the collected subjective judgments of individual consumers, which a reasonable reader would conclude . . . is an opinion of each consumer and worthy of constitutional protection, rather than a statement of fact" (quotation marks omitted)), aff'd, 801 N.Y.S.2d 38 (App. Div. 2005). That some client reviews might not appear on an attorney's profile does not render those that do appear misleading statements of fact; especially given the defendant's disclaimer that negative reviews can be disputed.

---

client reviews. Therefore, he is not harmed by any highlighting or prioritizing of his reviews.

Moreover, spotlighting positive reviews is not false advertising. Not only are the positive reviews opinions, but simply indicating that a particular consumer was satisfied with a service plainly does not constitute a false or misleading statement.

## IV.

The defendant argues persuasively that the plaintiff has also failed to state a claim under the Lanham Act or NYGBL § 349 because the plaintiff did not sufficiently allege injury. Although, in pleading a false advertising claim under the Lanham Act, the plaintiff need not provide evidence of actual loss or specific evidence of causation, the plaintiff must offer "something more than [his] mere subjective belief that he is injured or likely to be damaged." Johnson & Johnson v. Carter-Wallace, Inc., 631 F.2d 186, 189-90 (2d Cir. 1980).

To state a claim under NYGBL § 349, the plaintiff must show that the plaintiff suffered injury as a result of the defendant's allegedly deceptive acts or practices. Orlander, 802 F.3d at 300. To plead this element adequately, the plaintiff must offer facts that demonstrate a causal connection between an injury to the plaintiff and some misrepresentation made by the defendant. Tears v. Bos. Sci. Corp., No. 17cv9793, 2018 WL 4760659, at *9 (S.D.N.Y. Sept. 29, 2018) (citing Small v.

14

Lorillard Tobacco Co., 679 N.Y.S.2d 593 (App. Div. 1998), aff'd, 720 N.E.2d 892 (N.Y. 1999)).

In this case, the plaintiff makes the following conclusory allegations:

> 69. [The defendant's] deceptive and misleading endorsements have caused Plaintiff and the Class of Non-Paying Attorneys to lose fees and suffer reputational damage.
>
> . . . .
>
> 71. Potential clients have been diverted by [the defendant's] false and misleading website to hire lawyers who have purchased legal services from Plaintiff's competitors rather than Plaintiff.
>
> 72. Plaintiff and other Non-Paying Attorneys estimate that [the defendant's] conduct has caused them many millions of dollars in lost legal business, as well as significant reputational harm.

Compl. ¶¶ 69, 71-72. The plaintiff does not offer any facts showing that consumers rely on the allegedly misleading Avvo ratings, pro badges, client reviews, or statements by the defendant in choosing or gauging the reputation of an attorney. Nor does the plaintiff offer facts connecting these attributes of the defendant's website to reputational harm or lost business. Moreover, the plaintiff does not offer any basis for, or any evidence corroborating, his belief that he and others similarly situated have suffered any – much less "many millions of dollars" of – injury due to the defendant's alleged misrepresentations. The only fact the plaintiff pleaded to support his theory of harm is that the defendant's website holds

a prominent presence on the internet, and thus consumers who perform a Google search with phrases like "top litigation attorney" will see the website on the first page of results. Id. ¶ 70. The plaintiff has asserted no facts to support a conclusion that any potential clients are likely to be dissuaded from hiring him because of anything that has appeared on the defendant's website. Alleging that the defendant's website has high visibility on the internet does not change the plaintiff's mere subjective belief of harm into something more.

Accordingly, the plaintiff has not alleged sufficiently that the defendant's conduct caused him harm. The plaintiff has therefore failed to state a claim under the Lanham Act or NYGBL § 349.

## CONCLUSION

The Court has considered all of the arguments raised by the parties. To the extent not specifically addressed, the arguments are either moot or without merit. For the reasons explained above, the defendant's motion to dismiss is **granted**. The Clerk is directed to enter judgment dismissing the plaintiff's

complaint with prejudice. The Clerk is also directed to close all pending motions and to close this case.

**SO ORDERED.**

Dated:       New York, New York
             December 19, 2018

                                    _____
                                         John G. Koeltl
                               **United States District Judge**